UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES COOLEY, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTION SPECIALISTS E.A. UFFMAN & ASSOCIATES, INC.,<br><br>Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>AND<br><br>JURY TRIAL DEMAND |

## CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, James Cooley, on behalf of himself (hereinafter "Plaintiff"), and all others similarly situated, by and through his undersigned attorney, alleges against the Collection Specialists E.A. Uffman & Associates, Inc. (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1.   This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, brought by James Cooley, in his own individual capacity, and on behalf of a class of other, as of yet unidentified, similarly situated individuals.

## JURSIDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3.   Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.      Plaintiff, James Cooley, is a natural person, who at all relevant times has resided in the city of Bueche, West Baton Rouge Parish, State of Louisiana, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Defendant is incorporated and does business in the State of Louisiana, with its corporate mailing address as 11412 Lake Sherwood Ave. N., Suite A, Baton Rouge, LA 70879, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## CLASS ACTION ALLEGATIONS

6.      Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications, insomuch as the letter alleges a consumer's access to medical treatment will be impeded as the result of medical debts on their credit report. As alleged herein, Defendant is in violation of the FDCPA and liable unto Plaintiff and those who reside in the State of Louisiana as of one year from the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, tens of thousands, of persons have received debt collection notices/letters/communications from Defendant, each of which violate various provisions of the FDCPA.

7.      This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant, each of which violate various provisions of the FDCPA.

9. The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

10. There are questions of law and fact, which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

13. The members of the class have claims that are unlikely to be vindicated in the absence of a class action.

14. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties.

15. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights, as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL STATEMENT

19. At all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt, which allegedly originated and remains due and owing with Southern Medical Corporation ("Subject Debt"). Debt derived from medical services has long

been recognized by the Federal Trade Commission to be "consumer debt," as that term is defined by the FDCPA.

20.  In a letter dated October June 19, 2017 ("Collection Letter") Defendant advised Cooley, *inter alia*, that the Subject Debt was due and owing to Southern Medical Corporation. The Collection Letter went on to state the following:

> THIS ACCOUNT HAS NOW BEEN REPORTED TO THE CREDIT REPORTING AGENCIES, WHERE IT MAY BE REPORTED TO ANY FUTURE CREDIT GRANTOR WHEN YOU APPLY FOR CREDIT *OR ASK FOR HEALTHCARE TREATMENT*. (Emphasis added)

21.  Plaintiff received and read the letter on or about June 22, 2017.

22.  The Collection Letter was sent in furtherance of the collection of the Subject Debt.

23.  The letter left Defendant with the distinct impression that if he did not furnish payment on the Subject Debt, that his access to medical treatment in the future would be impeded.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692e(10)

24.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23 above and incorporates them with the same force and effect as if set forth specifically herein.

25.  The Collection Letter was received and read by Plaintiff on or about June 22, 2017.

26.  The Collection Letter read in pertinent part as follows:

> THIS ACCOUNT HAS NOW BEEN REPORTED TO THE CREDIT REPORTING AGENCIES, WHERE IT MAY BE REPORTED TO ANY FUTURE CREDIT GRANTOR WHEN YOU APPLY FOR CREDIT *OR ASK FOR HEALTHCARE TREATMENT*. (Emphasis added)

27. The portion emphasized above is deceptive and misleading. Healthcare providers do not restrict access to medical care based on the status of a consumer's credit report.

28. The inclusion of the suspect language, which implies Plaintiff could have his access to healthcare providers restricted, was included for the sole purpose of "strong arming" Plaintiff into believing the truth of the statement, with an end result of scaring Plaintiff into making payment on the Subject Debt.

29. The Congressional findings and declaration of purposes section of the FDCPA, 15 U.S.C. 1692, *et seq.*, read as follows:

> **(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**
>
> **(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.**
>
> **(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.**
>
> **(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.**
>
> **(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.**

30.  It was precisely this type of behavior that the FDCPA was enacted to prevent. Defendant's letter attempts to confuse Plaintiff into believing he will have his access to healthcare restricted if he failed to furnish payment.

31.  This type of language is nothing less than deceptive and wholly misleading.

32.  Plaintiff has been damaged and is entitled to relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

*Rest of Page Left Intentionally Blank*

## **RELIEF**

WHEREFORE, Plaintiff, James Cooley, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

A. That an order be entered certifying the class as described above, pursuant to Fed. R. Civ. Pro. 23(b)(3).

B. That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

C. That judgment be entered against the Defendant, and for all class members, for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

D. That judgment be entered against the Defendant and for all class members, for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

F. That the Court grant such other and further relief as may be just and proper.

Dated this 2nd day of March, 2018

Respectfully Submitted,

s/ Marc R. Michaud

Attorney for Plaintiff:
Marc R. Michaud, Esq. (La. Bar No. 28962)
Patrick Miller LLC
400 Poydras Street
Suite 1680, Texaco Center
New Orleans, LA 70130
(P) (504) 527-5400
(F) (504) 527-5456